# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| DAVID CARTER, CLAYTON GRAHAM, JR., and MITCHELL WEBSTER, | :<br>:<br>:<br>: |
| Plaintiffs, | :<br>: |
| v. | :    CASE NO.: 5:12-CV-209 (LJA) |
| | : |
| BUTTS COUNTY, GEORGIA, SHERIFF GENE POPE, Individually and in his Official Capacity, TIMOTHY FILBECK, Individually and in his Official Capacity, | :<br>:<br>:<br>:<br>:<br>: |
| Defendants. | :<br>: |

## ORDER

Defendants in the above-captioned matter have moved to stay the Court's hearing on Plaintiffs' Motion for Sanctions currently scheduled for July 28, 2015. (Doc. 82.) Following the entry of the Court's Order on Defendants' Motion for Summary Judgment (Doc. 75), Defendants filed a Notice of Appeal (Doc. 77) and an Amended Notice of Appeal (Doc. 81). Defendants assert that the Court's hearing on Plaintiffs' Motion for Sanctions should be stayed pending the resolution of their appeal, contending that the Court was divested of its jurisdiction over this matter as a result of their filings. (Doc. 82.) Although Plaintiffs would ordinarily be given twenty-one days to respond, because of the temporal proximity to the Court's hearing and upcoming deadlines for supplemental briefing, the Court will address Defendants' Motion. Additionally, Local Rule 7.7 permits the Court to immediately address motions that "clearly have no basis in law." M.D. Ga. L.R. 7.7.

It is well-settled that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control *over those aspects of the case involved in the appeal.*" *Griggs v. Provident Consumer Disc. Co.*,

459 U.S. 56, 58 (1982) (emphasis added). "The general rule regarding divestiture of jurisdiction, however, does not apply to collateral matters not affecting the questions presented on appeal." *Weaver v. Fla. Power & Light Co.,* 172 F.3d 771, 773 (11th Cir. 1999). An issue is considered collateral when the issues being appealed are "separate and distinct" from the issues being considered by the district court. *United States v. Reed*, 404 F. App'x 464, 465 (11th Cir. 2010); *see also Wilson v. Pope*, No. 5:11-CV-176, 2012 WL 896237 (M.D. Ga. Mar. 15, 2012); *Shabazz v. Barrow*, No. 7:05-CV-46, 2008 WL 2323776 (M.D. Ga. June 2, 2008).

Defendant Timothy Filbeck filed a Notice of Appeal challenging the Court's holding regarding whether he is entitled to qualified immunity for Plaintiffs' Section 1983 false arrest claims. (Doc. 77.) Subsequently, all Defendants filed an Amended Notice of Appeal challenging the Court's holding regarding whether they are entitled to sovereign immunity and official immunity as to Plaintiffs' state law claims. (Doc. 81.) None of these issues, however, are implicated in Plaintiffs' Motion for Sanctions. (Doc. 25.) Rather, Plaintiffs' Motion concerns whether Defendants concealed the whereabouts and identity of two material witnesses and whether Defendants spoliated material evidence. Had the Court denied summary judgment on the basis that Defendants' spoliated evidence, Defendants would be correct that the Court no longer retained jurisdiction to adjudicate Plaintiffs' Motion for Sanction, as both matters would have involved overlapping issues. However, because the Court denied Defendants' Motion for Summary Judgment on other grounds, it retains jurisdiction over Plaintiffs' Motion for Sanctions.

The Eleventh Circuit's decision in *Mahone v. Ray*, 326 F.3d 1176, 1180-81 (11th Cir. 2003), is instructive. There, the Eleventh Circuit considered whether the district court improperly retained jurisdiction over the plaintiff's Rule 11 motion for sanctions after the plaintiff appealed the district court's dismissal of his Section 1983 claims. *Id.* at 1178-79. The court held that it did not, finding that "Rule 11 motions raise issues that are collateral to the merits of an appeal, and as such may be filed even after the court no longer has jurisdiction over the substance of the case." *Id.* (collecting cases). The same holds true here. The issues

raised in Plaintiffs' Motion for Sanctions are collateral to the merits of Defendants' appeal. Accordingly, Defendants' Motion to Stay (Doc. 82) is **DENIED**.

    **SO ORDERED**, this 19th day of June, 2015.

                                                     /s/ Leslie J. Abrams
                                          **LESLIE J. ABRAMS, JUDGE**
                                          **UNITED STATES DISTRICT COURT**