IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID CARTER, CLAYTON GRAHAM, JR., and MITCHELL WEBSTER, <br><br> Plaintiffs, <br><br> vs. <br><br> BUTTS COUNTY, GEORGIA, SHERIFF GENE POPE, Individually and in his Official Capacity, TIMOTHY FILBECK, Individually and in His Official Capacity, <br><br> Defendants. | CIVIL ACTION FILE NO. 5:12-CV-00209-LJA |

## MOTION TO SET ASIDE RULE 26 SANCTION

COMES NOW G. KEVIN MORRIS, an attorney in the above-civil lawsuit, and respectfully requests that the Court grant him leave to file this Motion and for the Court to consider this Motion to Set Aside its Rule 26 Sanction, as it applies to him.

### BACKGROUND

On March 31, 2016, this Court entered an Order sanctioning the undersigned counsel for failing to comply with his obligations under Rule 26(g). Specifically, the Court concluded that the undersigned failed to make a reasonable inquiry with respect to the identity of Officer Middleton.

## *I. Defendants' Discovery Responses Were Accurate*

This Court should set aside its Order as to the undersigned because the evidence shows that he provided 100% accurate responses on behalf of Defendant Butts County to Plaintiffs' discovery requests.

It is important to note that, Plaintiffs sued the following four Defendants: 1) Butts County, Georgia; 2) Sheriff Gene Pope, in his official capacity; 3) Sheriff Gene Pope, in his individual capacity and 4) Tim Filbeck, in his individual and official capacities[1]. Further, Plaintiffs pled distinct claims against Butts County, Georgia and Sheriff Gene Pope; both were sued for negligently retaining and supervising Filbeck, while Butts County was also sued for conversion.

Then, after filing the lawsuit Plaintiffs served four (4) sets of written discovery on the Defendants: 1) Plaintiff David Carter's First Interrogatories and Requests for Production of Documents to Butts County; 2) Plaintiff David Carter's First Interrogatories and Requests for Production of Documents to Gene Pope; 3) Plaintiff David Carter's First Interrogatories and Requests for Production of Documents to

---

[1] The claim against Filbeck in his official capacity are duplicative of the claims against the Sheriff in his official capacity. Richardson v. Quitman Cty., Ga., 912 F. Supp. 2d 1354 (M.D. Ga. 2012) ("Therefore, the Court construes official capacity claims against Mason, Ming, and Newton as claims against the Georgetown–Quitman County Sheriff.")

Defendant Tim Filbeck; and 4) Plaintiff Webster's First Interrogatories and Requests for Production of Documents to Butts County.

Of those discovery requests, only Webster's Interrogatories and Requests for Production of Documents to Butts County inquire about January 31, 2011—the date on which Deputy Middleton was dispatched to 191 Quail Trail. See Exhibit A. Therein, Plaintiff Webster's interrogatories asked **Butts County** to:

1) identify employees involved in "Case Number #20012[2];"

2) describe the facts related to "Case Number #20012;"

3) the "names and positions of all **employees of Butts County** who investigated or arrived at or inspected" 191 Quail Trail on January 31, 2011;

4) the "names and positions of all **employees of Butts County** who investigated or arrived at or inspected" 191 Quail Trail "at any time during the month of January, 2011."

Exhibit A (Webster's 1/17/13 IROGs and RPDs) at Nos. 1-4.

Plaintiffs also asked for production of documents that

1) related to "Case Number #20012;"

2) related to an investigation, call to, or inspection of 191 Quail Tr. on January 31, 2011;

3) related to an investigation, call to, or inspection of 191 Quail Tr. at any time in January, 2011;

Id. at RPD Nos. 1-3.

---

[2]   The undisputed evidence is that no such document named "Case Number #20012" existed.

3

It is important to note that Butts County did produce documents responsive to Plaintiffs' document production request (911 CAD records) and that was not an issue with the Court in its Order. Rather, the issue for the Court was whether the undersigned performed a reasonable inquiry into Deputy Middleton's name as an employee of Butts County. But here is the important point to be made:

> Plaintiff Webster asked Butts County to "State the **_names and positions of all employees of Butts County who investigated or arrived at or inspected the property at 191 Quail Trail, Jackson, Georgia 30233_** on or about January 31, 2011. In your answer, include the employee's purpose for investigating the property, any findings the employee made as a result of the investigation."

> And most importantly, Butts County, Georgia's response[3], through the undersigned, was 100% accurate when it answered: **_"Butts County, Georgia is_**

---

[3] See Cartel Asset Mgmt. v. Ocwen Fin. Corp., No. 01-CV-01644-REB-CBS, 2010 WL 502721, at *24 (D. Colo. Feb. 8, 2010)(citing *In re Sulfuric Acid Antitrust Litigation,* 231 F.R.D. 320, 323–24 (N.D.Ill.2005))(emphasis added),

> In reviewing a claim that an answer to an interrogatory is not responsive or is incomplete, the initial focus is on the question, not the answer, for on the question you ask depends the answer you get. *"Putting the wrong question is not likely to beget right answers even in law."* ... Consequently, the defendants were only obligated to answer the questions that were asked, and were not required to guess that information beyond that which was specified was being sought. *Cf. Ronat v. Martha Stewart Living Omnimedia, Inc.,* 2007 WL 809626, *5 (S.D.Ill.2007) (while plaintiff characterized defendant's interrogatory response as incomplete and evasive, the court denied in part the motion to compel finding that defendant "cannot be faulted for plaintiff's poorly drafted interrogatory").

***<u>not aware that any individuals it employs visited or investigated the 191 Quail Trail property on January 31, 2011.</u>***"

Under Georgia law, that response is unequivocally accurate because Butts County did not employ Deputy Middleton. The 11th Circuit has recognized this distinction:

> E. Lack of County Control over Sheriff and Deputies
> In contrast to the State, counties have no authority or control over, and no role in, Georgia sheriffs' law enforcement function. Counties do not grant sheriffs their law enforcement powers, and neither prescribe nor control their law enforcement duties and policies. Counties also have no role in the training or supervision of the sheriff's deputies. Instead, sheriffs exercise authority over their deputies independent from the county. Sheriffs alone hire and fire their deputies. O.C.G.A. § 15-16-23; *Wayne County v. Herrin*, 210 Ga.App. 747, 751, 437 S.E.2d 793 (1993).
>
> Georgia courts have concluded that sheriffs' deputies are employees of the sheriff and not the county. *Warren v. Walton*, 231 Ga. 495, 499, 202 S.E.2d 405 (1973) (recognizing that "[d]eputy sheriffs ... are employees of the sheriff, whom the sheriffs alone are entitled to appoint or discharge") (internal quotation marks omitted); *Drost v. Robinson*, 194 Ga. 703, 710, 22 S.E.2d 475 (1942); *Brown v. Jackson*, 221 Ga.App. 200, 201, 470 S.E.2d 786 (1996) (noting deputy sheriffs "were employees of the sheriff and not Peach County"); *Herrin*, 210 Ga.App. at 751, 437 S.E.2d 793; *Pettus v. Smith*, 174 Ga.App. 587, 588, 330 S.E.2d 735 (1985); cf. *1337 *Boswell v. Bramlett*, 274 Ga. 50, 51, 549 S.E.2d 100 (2001) ("[E]mployees of constitutionally elected officers of a county are considered employees of the elected officer and not employees of the county, as represented by the local governing authority.").

<u>Grech v. Clayton Cty., Ga.</u>, 335 F.3d 1326, 1336 (11th Cir. 2003).

Put simply, the binding authority of this Circuit unequivocally holds that deputy sheriffs like Deputy Middleton are employed by the elected Sheriff, not the County.

However, in determining that a sanction and fine was warranted, this Court reasoned as follows:

> As the Court pointed out during the Sanctions Hearing, it would have taken a mere three steps for Attorney Morris to determine the identity of

Officer Middleton – (1) ask the sheriff to "find out who responded to the house;" (2) the sheriff would then request the CAD Report from the 911 system; and (3) match the badge number listed on the CAD Report to Officer Middleton. (Id. at 157:22-158:1.) In fact, it would have taken even less than three steps, given that Attorney Morris had already obtained the CAD Report at the time he submitted Butts County's responses to Webster's Requests. Attorney Morris simply could have presented the CAD Report to the sheriff and requested that he identify the officer whose badge number appeared on the Report. Had he done so, Attorney Morris could have easily identified Officer Middleton, as evidenced by the ease with which Sheriff Pope identified Officer Middleton during his deposition. Yet, based on Attorney Morris' testimony during the Sanctions Hearing and his supplemental declaration, Attorney Morris never presented anyone at the Sheriff's Department with the CAD Report in order to identify Officer Middleton. Attorney Morris' failure to do so demonstrates a failure to undertake a reasonable inquiry into the **correctness of Butts County's responses** to Webster's Requests.

Explicit in the Court's reasoning is that Butts County's response[4] was not accurate or complete, but clearly, this was not the case.

Accordingly, based on the foregoing, it cannot be reasonably stated that the undersigned in any way failed "to undertake a reasonable inquiry into the correctness of Butts County's responses to Webster's Requests." Butts County's responses were and still are accurate and truthful, and in the interest of justice and accuracy under the law, the undersigned respectfully requests that the Court set aside its Order imposing sanctions against him.

---

[4] It is important note that, to the extent that the sanction is based on Plaintiffs' counsel's email to the undersigned, Rule 26 does not apply. However, Rule 26(e)(2) creates a duty to seasonably amend only discovery propounded in response to "interrogator[ies], request[s] for production, or request[s] for admission," not an email demand. Fed.R.Civ.P. 26(e)(2). Alvariza v. Home Depot, 241 F.R.D. 663, 666 (D. Colo. 2007)

## II.     *Court's Discretion*

The undersigned is fully aware that the instant motion, and whether it should be considered, is wholly within the Court's discretion; however, based on the foregoing, the undersigned believes that it is in the best interest of justice for this Court to consider the facts and issues raised. Candidly, I have struggled, personally and professionally, with how to proceed. On the one hand, I have the utmost respect for this Court, Judge Abrams and the federal rules. I recognize that there are likely to be many more cases litigated in front of this Court and I fully regret that the Court has even been asked to consider the whether any discovery failure occurred and am even more concerned about any impression that the Court may now have of the undersigned. But, on the other hand, I strongly disagree with the Court's conclusion that I did not meet my obligations as an attorney under Rule 26. As the Court may know, the undersigned has primarily practiced in federal courts since graduating from law school in 1999. I have handled scores of cases in the 11th Circuit Court of Appeals, as well as the Northern and Middle Districts of Georgia[5]. I have even been appointed by the U.S. Attorney's Office to represent federal law enforcement officers who have been sued by inmates/arrestees. Put simply, I take my

---

[5]     The undersigned is reported as counsel in approximately thirty (30) federal published opinions on Westlaw.

responsibilities as a lawyer very seriously and would never do anything to call into question my integrity or the integrity of my law firm.

In an effort to demonstrate my desire to adhere to the Court's Order, I have enclosed with the Court's courtesy copy of this Motion a personal check to cover the original fine. Should the Court deny this Motion, I desire for it to be deposited in accordance with the Court's procedure. However, my prayer is that the Court will respectfully consider the foregoing arguments and set aside its Order and Rule 26(g) sanction against the undersigned counsel.

This 17th day of MAY, 2016.

WILLIAMS, MORRIS & WAYMIRE, LLC

/s/ G. Kevin Morris
G. KEVIN MORRIS
Georgia Bar No. 523895

Bldg. 400, Suite A
4330 South Lee Street
Buford, Georgia 30518
678-541-0790
678-541-0789
kevin@wmwlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing **MOTION TO SET ASIDE RULE 26 SANCTION** on all parties by electronic filing through the CM/ECF system in accordance with the United States District Court rules to:

James A. Eidson
Eidson & Associates, P.C.
789 North Central Avenue
Hapeville, GA 30354

Matthew C. Hines
Attorney at Law
5000 Austell-Powder Springs Road
Suite 138
Austell, Georgia 30106

This 17th day of MAY 2016.

                                      WILLIAMS, MORRIS & WAYMIRE, LLC

                                      /s/ G. Kevin Morris
                                      G. KEVIN MORRIS
                                      Georgia Bar No. 523895
                                      *Counsel for Defendants*

Bldg. 400, Suite A
4330 South Lee Street
Buford, Georgia 30518
678-541-0790
678-541-0789
kevin@wmwlaw.com